**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| ADRIAN L. CURTIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 06-1006 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner, Adrian L. Curtis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. #1] and the United States of America's Motion to Dismiss Petitioner's § 2255 Motion [Doc. #4]. For the reasons that follow, the Government's Motion to Dismiss Petitioner's § 2255 Motion will be GRANTED.

**I.**
**BACKGROUND**

On February 18, 2004, Petitioner was indicted on numerous counts of drug-related charges. On April 29, 2005, he entered a written plea agreement with the Government waiving both his right to appeal and/or collaterally attack his subsequent conviction and/or sentence. See [Doc. #50]. Pursuant to the written plea agreement, Petitioner pled guilty to count 1 -- conspiracy to distribute and possession with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§

846, 841(b)(1)(A) and (B)(1); and count 9 -- possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The remaining counts were later dismissed by the Court upon the motion of the Government. See [Doc. #69]. On October 5, 2005, Petitioner was sentenced to 120 months on count 1 and 60 months on count 9, to be served consecutively.

In keeping with his commitment, Petitioner did not file a direct appeal but, nevertheless, has decided to launch a collateral attack on his conviction and sentence. In his § 2255 Motion, Petitioner raises the following grounds for relief: (1) the Court improperly relied upon hearsay and conjecture to enhance his sentence in violation of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005); (2) the Court improperly relied upon his past criminal history to enhance his sentence in violation of his Fifth, Sixth, and Fourteenth Amendment rights; (3) the Court violated his Due Process rights by running his sentences consecutively, rather than concurrently; and (4) the Court improperly enhanced his sentence based upon facts which had not been submitted to a jury in violation of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). See [Doc. #1].

## II.
## LEGAL STANDARD

The law in this circuit is clear:  A plea agreement waiving the right to bring a collateral attack pursuant to § 2255 is enforceable as long as it made voluntarily, knowingly, and is not the product of ineffective assistance of counsel.  <u>Jones v. United States</u>, 167 F.3d 1142, 1144-46 (7th Cir. 1997).  A plea agreement is made voluntarily "when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea."  <u>Galbraith v. United States</u>, 313 F.3d 1001, 1006 (7th Cir. 2002) (citations omitted).  A plea agreement is made knowingly "when the defendant is competent, aware of the charges and advised by competent counsel."  <u>Id.</u>  As the Seventh Circuit has constantly reiterated, "waivers are enforceable as a general rule[, and] the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."  <u>Jones</u>, 167 F.3d at 1145.

## III.
## ANALYSIS

Here, Petitioner did not originally argue in his § 2255 Motion that he failed to understand the plea agreement or was coerced into accepting it, nor did he allege that his counsel was ineffective in negotiating the plea agreement.  But, in response to the Government's Motion to Dismiss, Petitioner now

3

makes the following assertion: "My attorney may have said something but he didn't make it clear as to what and the consequences of what I was signing." [Doc. #6, pg. 1].[1] However, such an isolated statement without any evidence in support thereof is insufficient to circumvent the enforceability of a waiver provision contained in a plea agreement. Nevertheless, the record in this case would belie such a claim in any event.

To be sure, the language of the plea agreement itself indicates that Petitioner fully understood his collateral review rights and voluntarily agreed to waive those rights on his own. Paragraph 12 of the plea agreement reads in relevant part:

### Waiver of Right to Collateral Attack

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally . . . . The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. **Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack his conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of**

---

[1] Although Petitioner has labeled this document a "Certificate of Appealability," it is in essence a response to the Government's Motion to Dismiss Petitioner's § 2255 Motion, and will be construed as such.

> **ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right**.

[Doc. #50, pg. 6] (emphasis added).

Moreover, as required under Rule 11 of the Federal Rules of Criminal Procedure, the Court placed Petitioner under oath and questioned him at length in an on-the-record colloquy before accepting his guilty plea. During the questioning, Petitioner made the following representations to the Court: that he was in full control of his mental faculties; that he fully understood the nature and elements of the charge; that he understood his actual sentence would depend on his criminal history and could differ from what his attorney predicted; that he read the plea agreement, discussed it with his attorney, and fully understood its terms, including the waiver of his right to appeal and/or collaterally attack his conviction and/or sentence; that no one, including his attorney, forced or pressured him to enter the plea agreement; that he plead guilty voluntarily; and was satisfied with his attorney's advice and representation. [Doc. #11, pgs. 3-14, 23].

Although Petitioner would like this Court to forget the statements he made at the change of plea hearing now that his § 2255 motion is pending, he does not attempt to challenge the validity of these statements. Nonetheless, statements made at a

change of plea hearing are presumed to be true. <u>United States v. Standiford</u>, 148 F.3d 864, 868 (7th Cir. 1998). In fact, "[t]he whole point of [a] Rule 11 colloquy is to establish that the plea [is] knowingly and voluntarily made." <u>Id.</u> at 868. The record created at a change of plea hearing serves as a "formidable barrier" to any subsequent appeal or collateral attack. <u>Key v. United States</u>, 806 F.2d 133, 136 (7th Cir. 1986).

Therefore, after reviewing the entire record, this Court is as satisfied today, as it was at the change of plea hearing, that Petitioner's plea agreement, including the waiver of his right to bring the instant § 2255 motion, was voluntary, knowing, and untainted by ineffective assistance of counsel. The Court, therefore, finds that the waiver provisions contained in the plea agreement are dispositive of each of Petitioner's grounds for relief, barring him from bringing the instant § 2255 motion.

IT IS THEREFORE ORDERED that the Government's Motion to Dismiss Petitioner's § 2255 Motion [Doc. #4] is GRANTED.

CASE TERMINATED.

ENTERED this  26th  day of April, 2006.

                                             /s/ Joe B. McDade
                                             Joe Billy McDade
                                   United States District Judge